# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CAROLYN YOUNG, a/k/a CARRIE YOUNG, *on behalf of herself and all others similarly situated,*

    Plaintiffs,

v.

CONVERGENT OUTSOURCING, INC.,
*a Washington State Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff, Carolyn Young, a/k/a Carrie Young, alleges violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692 et seq. ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Defendant conducts business in this District.

## PARTIES

3. Plaintiff, Carolyn Young, a/k/a Carrie Young ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant, Convergent Outsourcing, Inc. ("Defendant"), is a Washington State Corporation engaged in the business of collecting consumer debts, which operates from offices located at 800 SW 39th Street, Renton, Washington 98057. Defendant is a licensed consumer debt collector in Florida having license number CCA0900904.

5. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

6. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

7. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debts.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was from a delinquent credit card.

9. On or about October 6, 2016, Defendant sent a demand letter to Plaintiff that sought to collect an alleged debt due to Jefferson Capital Systems, LLC (The "Demand Letter"). Attached hereto as "Exhibit 1."

10. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

11. The Defendant's Demand Letter stated in part:

Settlement Offer

This notice is being sent to you by a collection agency. The records of Jefferson Capital Systems, LLC show that your account has a past due balance of $7,583.43.

xxxx

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

>  **NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**
>
>  We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.

Emphasis in original.

12. *15 U.S.C. §1692e(10)* states:

>  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>  xxxx
>
>  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT

13. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the Florida Counties that comprise the geographical boundaries of the United States District Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm Beach, Martin, Saint Lucie, Indian River, Okeechobee, and Highlands Counties (ii) to whom letters that contained the language: "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance." (iii) that were mailed, or caused to be mailed by the Defendant attempting to collect on an alleged debt owed to Jefferson Capital Systems, LLC (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

14. Plaintiff alleges on information and belief based upon the Defendant's use of the phrase: "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance." in its letters served upon the Class is so numerous that joinder of all members of the Class is impractical.

15. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed, or caused to be mailed, a letter by Defendant that contained the phrase: "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance."  The common principal legal issue is whether Defendant's wording violated the *FDCPA* by misleadingly stating that "we" (Defendant) could not sue to collect the balance while not stating that the debt was time barred and that the creditor could not lawfully sue to recover the debt.

16. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

18. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that: (1) the questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure* for monetary damages; her appointment as Class Representative; and that her attorney, Leo W. Desmond, be appointed Class Counsel.

### COUNT I
### VIOLATION OF *15 U.S.C. §1692e*
### **CLASS CLAIM AGAINST DEFENDANT**

20. Plaintiff re-alleges and incorporates Paragraphs 1 through 12.

21. *15 U.S.C. §1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

22. Defendant mailed, or caused to be mailed the Demand Letter to Plaintiff on behalf of Jefferson Capital Systems, LLC in an attempt to collect a consumer debt, namely to collect alleged debts from Plaintiff's credit card usage.

23. The Demand Letter states in pertinent part: "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance." (The "Phrase").

24. The Phrase does not state that the debt cannot be collected by either the Defendant or any creditor because the applicable statute of limitations has expired, making the filing of a lawsuit to collect the debt time barred.

25. The Phrase states that "we", meaning the sender of the Demand Letter, namely Defendant, cannot sue to collect the debt.

26. The Phrase does not state that the creditor, Jefferson Capital Systems, LLC (a Florida licensed debt collector, Florida license number CCA9901497) may not legally sue to collect the debt due to the age of the debt, and that the statute of limitations precludes such a collection lawsuit.

27. The Phrase can be interpreted more than one way, such as that while the Defendant ("we") cannot sue, the creditor or any subsequent creditor could legally bring a collection lawsuit.

28. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

29. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor against Defendant that includes:

a. An Order certifying this matter as a Class action and appointment of Plaintiff as Class Representative as to all claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

Dated: May 31, 2017.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920

                                                DESMOND LAW FIRM, P.C.  
                                                5070 Highway A1A, Suite D  
                                                Vero Beach, Florida 32963  
                                                Telephone: 772.231.9600  
                                                Facsimile: 772.231.0300  
                                                lwd@desmondlawfirm.com  
                                                *Attorney for Plaintiff*