UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-80691-RLR

CAROLYN YOUNG, a/k/a CARRIE YOUNG, *on behalf of herself and all others similarly situated*,

    Plaintiffs,

v.

CONVERGENT OUTSOURCING, INC.,
*a Washington State Corporation,*

    Defendant.
_____/

**MOTION TO REQUIRE CLERK TO ENTER JUDGMENT
PURSUANT TO *FEDERAL RULE OF CIVIL PROCEDURE 68*
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, Carolyn Young, a/k/a Carrie Young, by and through her undersigned attorney, requests the Court enter an Order requiring the Clerk to enter a Judgment against Defendant, Convergent Outsourcing, Inc., in accordance with the terms contained in the Notice of Acceptance of Defendant's *Rule 68* Offer of Judgment [DE 7] and the underlying *Rule 68* Offer of Judgment by Defendant [DE 7].

    In support of her Motion, Plaintiff states:

    Plaintiff filed her Class Action Complaint on May 31, 2017 [DE 1].

    Defendant, after service of the Summons and Complaint, served upon Plaintiff its *Rule 68* Offer of Judgment by Defendant [DE 7] on June 15, 2017.

    Plaintiff, on June 19, 2017 filed her Notice of Acceptance of Defendant's *Rule 68* Offer of Judgment [DE 7] providing a mirror acceptance to the terms of Defendant's Offer of Judgment.

1

*Federal Rule of Civil Procedure 68*, in pertinent part states:

Rule 68.  Offer of Judgment

(a)  MAKING AN OFFER; JUDGMENT ON AN ACCEPTED OFFER. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specific terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Despite there being an acceptance of Defendant's Offer of Judgment, the Clerk has not entered the judgment pursuant to *Rule 68* and since the date of the Acceptance, the Defendant has filed its Answer [DE 9], and the Court has entered a Scheduling Order [DE 10] and the Magistrate Judge has entered an Order Requiring Joint Filing Regarding Remittal [DE 11] and a Standing Discovery Order [DE 12].

An acceptance of a *Rule 68* Offer of Judgment is self-executing. See *Perkins v. U.S. West Communs.*, 138 F.3d 336, 338 (8th Cir. 1998) ("Rule 68 leaves no discretion in the district court to do anything other than enter a judgment once an offer of judgment has been accepted."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("By directing that the clerk *shall* enter judgment after proof and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties' agreement."). See also *Myles v. Atl. Marine, Inc,* 2006 U.S. Dist. LEXIS 54788 (S.D. Ala. August 4, 2006); *Gardner v. Catering by Harry Smith, Inc.*, 205 F. Supp. 49, 51 (E.D.N.Y. 2002) ("A plaintiff's acceptance of a *Rule 68* offer of judgment constitutes a final judgement.") citing *Bowles v. Schmitt & Co.*, 170 F.2d. 617, 620 (2d Cir. 1948); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) ("First, *Rule 68* allows a defendant to make a firm, non-negotiable offer of judgment…" "[A] plaintiff faced with a *Rule 68* offer may accept or refuse. If he accepts, the court automatically enters judgment in his favor…").

## **CONCLUSION**

As Plaintiff accepted Defendant's Offer of Judgment and filed such acceptance within the time period allowed under *Rule 68*, the Court should require the Clerk to enter judgment against Defendant under the terms of Defendant's Offer of Judgment.

Dated: July 18, 2017.

>Respectfully submitted,
>
>*/s/ Leo W. Desmond*
>Leo W. Desmond, Esquire
>Florida Bar Number 0041920
>DESMOND LAW FIRM, P.C.
>5070 Highway A1A, Suite D
>Vero Beach, Florida 32963
>Telephone: 772.231.9600
>Facsimile:   772.231.0300
>lwd@desmondlawfirm.com
>*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 18, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any who are not authorized to receive electronically Notices of Electronic Filing.

                                                Respectfully submitted,

                                                 /s/  Leo W. Desmond
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*

**SERVICE LIST**
Dale T. Golden, Esquire
Florida Bar No.: 0094080
Charles J. McHale, Esquire
Florida Bar No.: 0026555
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
Telephone: 813.251.5500
Facsimile:  813.251.3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
*Attorneys for Defendant*